**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230684-U

Order filed February 9, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0684 Circuit No. 23-CF-416 |
| BRANDON D. KLING, | ) ) ) | Honorable H. Chris Ryan, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justice Peterson concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1   *Held*:  The court did not abuse its discretion in granting the State's petition to deny pretrial release.

¶ 2   Defendant, Brandon D. Kling, was charged with residential burglary (Class 1) (720 ILCS 5/19-3(a) (West 2022)), burglary (Class 2) (*id.* § 19-1(a)), and unlawful possession of a stolen vehicle (Class 2) (625 ILCS 5/4-103(a)(1) (West 2022)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with residential burglary, and his release posed a

real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(6)(Q) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(6)(Q) (West 2022)).

¶ 3                                   I. BACKGROUND

¶ 4       The factual basis provided that on November 17, 2023, officers took a report of a stolen silver Lincoln MKZ. The victim stated that the keys were in his residence, and the perpetrator went in and took them. Witnesses from the Grand Ridge Fire Department reported helping a male subject jump start the car. A video showed the incident occurring on November 16, and defendant was identified as the perpetrator. That same day another individual reported a shed was ransacked. A yellow rubber jacket was among the items taken. On November 17, defendant was found in possession of the Lincoln with the keys. He claimed the owner had allowed him to take it, but he misidentified the owner. The yellow rubber jacket was found in the Lincoln. Defendant had been granted pretrial release on the morning of November 16, in pending felony theft and domestic violence cases. Defendant admitted that he was walking home from Ottawa to Streator after being released when he went into the shed and "may have taken a gray duffel bag as well as other items." The petition also stated that defendant was the subject of eight other investigations for retail theft. Defendant's criminal history included convictions for criminal trespass, domestic battery, burglary, driving under the influence of drugs, theft, disorderly conduct, and resisting a peace officer.

¶ 5       A hearing was held on the petition on November 20, 2023. The State provided the factual basis, and stated,

> "We also, Judge, believe at this time, through clear and convincing evidence, we've
> shown the defendant has escalated to a risk to the community through his repeated

2

offenses that justify his detention and that no conditions that the court can place on him would be—could be fashioned in such a way that would guarantee that [defendant] would no longer be committing offenses while out on pretrial release." Defense counsel argued that defendant did not harm anyone. The court asked counsel what conditions counsel was seeking for defendant. Counsel stated, "Well, Your Honor, the standard conditions, of course. Perhaps—perhaps GPS monitoring. I know that's a very restrictive condition, but I assume that [defendant] would be willing to abide by any of those such conditions." The State again argued that no conditions would mitigate the danger defendant posed.

¶ 6 The court granted the State's petition finding the State met its burden by clear and convincing evidence. In doing so, the court stated,

"Well, by clear and convincing, there's substantial evidence. Shows a likelihood that he's committed these offenses given the statements. It's a detainable offense. He's on pretrial release. His criminal history isn't that bad. But shortly after being released previously, he commits new offenses. Well, I'm without any type of conditions I can think of that I can stop this."

¶ 7                                   II. ANALYSIS

¶ 8 On appeal, defendant contends that the court abused its discretion in granting the petition to detain. He challenges each of the court's findings. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 9 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 10 We find the court did not abuse its discretion in granting the petition. First, defendant argues that the State only offered hearsay evidence by way of proffer to show that he committed the charged offense. However, the statute specifically states that the State "may present evidence at the hearing by way of proffer," (*id.* § 110-6.1(f)(2)) and the rules of evidence do not apply to the hearing (*id.* § 110-6.1(f)(5)). Second, we cannot say that it was against the manifest weight of the evidence for the court to find defendant was dangerous. Defendant committed a residential burglary, burglary, and stole a motor vehicle. He had just been released on pretrial release. He had a significant criminal history, including multiple charges pending at the time. Third, defendant had violated his conditions of pretrial release by engaging in the offenses and did so on his way home from his previous detention hearing granting him pretrial release. It was not against the manifest weight of the evidence for the court to believe that defendant was unlikely to comply with any orders it gave. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 11                                III. CONCLUSION

¶ 12 The judgment of the circuit court of La Salle County is affirmed.

4

¶ 13          Affirmed.

¶ 14          PRESIDING JUSTICE McDADE, dissenting:

¶ 15          I would find that the court did abuse its discretion in requiring defendant to remain in pretrial detention, and I therefore dissent from the majority decision.

¶ 16          The statute imposes three conditions for rebutting its presumption that this defendant was eligible for pretrial release. See 725 ILCS 5/110-6.1(e) (West 2022). All three conditions must be met. *Id*. The State has complied with the first two, and I concur with that part of the order. It has, however, not even attempted compliance with the third, asserting that defendant had been released before and reoffended while free. Even then, the State did not explore available options and show that none would work. When the court asked counsel for defendant—who bears no burden under the statute in this regard—what conditions were being sought by defendant, the attorney made a suggestion, which was tentative in nature because he or she was unable to say that defendant would agree. The State merely argued that no conditions would mitigate the danger posed by defendant.

¶ 17          The State failed to meet its burden of proving by clear and convincing evidence that there was no condition that would permit defendant to be released. In the absence of such a showing, the trial court abused its discretion, stating it was unable to find any conditions on its own, by failing to release defendant pursuant to the statutory presumption.